1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DENNIS PAUL SMITH, JR., et al.,          No.  2:20-CV-2300-JAM-DMC

12               Plaintiffs,

13          v.                                  FINDINGS AND RECOMMENDATIONS

14   JIM BODDEN et al.,

15               Defendants.

16

17               Plaintiff, who is proceeding pro se, brings this civil action.  On February 7, 2022,

18   the Court directed Plaintiffs to show cause in writing within 30 days why this action should not

19   be dismissed for failure to effect timely service of process.  Plaintiffs were warned that failure to

20   comply may result in dismissal of this action for lack of prosecution and failure to comply with

21   court rules and orders.  See Local Rule 110.  More than 30 days have elapsed and Plaintiffs have

22   not complied.

23               The Court must weigh five factors before imposing the harsh sanction of dismissal.

24   See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal

25   Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in

26   expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of

27   prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits;

28   and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52,

1  53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate

2  sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone,

3  833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where

4  there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.

5  1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an

6  order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.

7  1992).

8            Having considered these factors, and in light of Plaintiffs' failure to prosecute this

9  case as directed, the Court finds that dismissal of this action is appropriate.

10            Based on the foregoing, the undersigned recommends that this action be dismissed,

11  without prejudice, for lack of prosecution and failure to comply with court rules and orders.

12            These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

14  after being served with these findings and recommendations, any party may file written

15  objections with the court.  Responses to objections shall be filed within 14 days after service of

16  objections.  Failure to file objections within the specified time may waive the right to appeal.  See

17  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18

19  Dated:  April 15, 2022

20  _____

21  DENNIS M. COTA
    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28